**FILED**

**August 28, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 7:55 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Gary Burleson | ) | Docket No.   2016-02-0033 |
| | ) | |
| v. | ) | State File No. 10728-2015 |
| | ) | |
| Doyle's Tire Service, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

---

### Affirmed and Certified as Final—Filed August 28, 2017

---

The employee, a manager at an automotive service business, alleged suffering a twisting injury to his knee in the course of his employment, resulting in septic arthritis in both knees.  Following a trial, the court concluded that the medical proof did not support a finding that the alleged work injury was the cause of the septic arthritis.  Accordingly, the trial court declined to award benefits.  The employee has appealed.  We affirm the trial court's decision and certify the trial court's order as final.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Robert D. Bates, II, Johnson City, Tennessee, for the employee-appellant, Gary Burleson

D. Brett Burrow and Seth B. Wilson, Nashville, Tennessee, for the employer-appellee, Doyle's Tire Service, Inc.

### Memorandum Opinion[1]

Gary Burleson ("Employee") alleges that he suffered an injury to his left knee on February 9, 2015, while working for Doyle's Tire Service, Inc. ("Employer").  He contends that he was assisting a co-worker unload a tire from the back of a truck when he twisted his left knee.  He did not experience immediate pain, and he completed his work

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex."  Appeals Bd. Prac. & Proc. § 1.3.

that day. However, when he began to experience pain, he reported the injury and was seen at Doctors Care on February 11, 2015. The attending medical care provider noted Employee had moderate swelling and was unable to straighten his knee. He was referred for an orthopedic evaluation, and Employer provided a panel of orthopedic practice groups from which Employee chose Watauga Orthopedics.

Employee saw Dr. Todd Fowler at Watauga Orthopedics, who aspirated fluid from his left knee. He returned to Dr. Fowler on February 17, at which time Dr. Fowler aspirated fluid from both knees. Dr. Fowler noted that Employee appeared ill and sent him to his primary care physician, who instructed him to go to the hospital. Employee was admitted to the hospital where he was treated by Dr. Robert DeTroye, the orthopedic physician on call at that time and Dr. Fowler's partner at Watauga Orthopedics. Dr. DeTroye diagnosed Employee with bilateral septic arthritis, and he performed surgery on both of Employee's knees to eradicate the infection. When the infection returned, Dr. DeTroye repeated the procedure.

At trial, the principle issue was whether Employee's bilateral septic arthritis arose primarily from his employment. In a thorough analysis of the medical proof, the trial court concluded that Dr. DeTroye was not an authorized treating physician and that Employee had not established by a preponderance of the evidence that his infection was causally related to his employment.[2] Employee has appealed.

Employee asserts that Dr. DeTroye is an authorized treating physician and, as such, his causation opinion is entitled to a presumption of correctness. *See* Tenn. Code Ann. § 50-6-102(14)(E) (2016). He further asserts that the trial court erred in accepting the opinions of Employer's medical experts over the opinions expressed by Dr. DeTroye. Employer, on the other hand, contends that Dr. DeTroye is not an authorized physician and that the trial court did not err in weighing the medical proof. We agree with the trial court that Employee did not establish that his septic arthritis was more than fifty percent causally related to his alleged work accident, irrespective of whether Dr. DeTroye was an authorized physician.

It is well-settled that a trial judge has the discretion to determine which opinion to accept when presented with conflicting expert opinions. *See, e.g., Bass v. The Home Depot U.S.A, Inc.*, No. 2016-06-1038, 2017 TN Wrk. Comp. App. Bd. LEXIS 36, at *9 (Tenn. Workers' Comp. App. Bd. May 26, 2017). Thus, on appeal, the standard for reviewing a trial court's decision concerning the assessment of competing expert medical proof is an abuse of discretion. *Sanker v. Nacarato Trucks, Inc.*, No. 2016-06-0101, 2016 TN Wrk. Comp. App. Bd. LEXIS 27, at *12 (Tenn. Workers' Comp. App. Bd. July 6,

---

[2] Although the trial court also concluded that Employee had not established a compensable orthopedic injury, i.e. torn ligaments, to his left knee as a result of the work incident, Employee has not challenged this finding on appeal. Thus, we forego any discussion of this issue.

2

2016). An appellate court may "find an abuse of discretion only if the [trial] court 'applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party.'" *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011) (citations omitted). In reviewing a trial court's exercise of discretion, we presume the trial court's decision is correct and consider the evidence in a light most favorable to upholding the decision. *Lovlace v. Copley*, 418 S.W.3d 1, 16-17 (Tenn. 2013). However, "[i]n reviewing documentary proof, such as expert medical testimony presented by deposition, we need not extend the same deference to the trial court's findings as required for issues involving the credibility and weight of oral testimony." *Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314, 322 (Tenn. 2005).

An employee must prove his or her claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2016); *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). To be compensable, an injury must arise primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(14) (2016). This requirement is satisfied "only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B).

Guided by these principles, we turn to the expert medical proof contained in the record. Dr. DeTroye testified that "the twisting injury caused the onset of [Employee's] problems." He explained that "[t]he twisting injury probably aggravated or awakened a dormant infection around the knee and that spread to the other knee." He stated that, taking all possible causes into account, the work injury was the cause of Employee's septic arthritis. He opined that "if [Employee] had not injured the knee he would not have developed the septic arthritis."

By contrast, Dr. T. Lisle Whitman, an orthopedic surgeon who performed an evaluation of Employee and reviewed his medical records, concluded:

> there has to be a vehicle coincident with the injury to bring the bacteria into the knee. [Employee] had no history of an infection in his knee that would have led to having dormant bacteria in his knee. He had no prior symptoms of the knee, pain in the knee. He had – the knee was not penetrated at the time of injury. And so I just don't find that [Dr. DeTroye's] opinion meets the criteria for being plausible or a reasonable mechanism of causing this.

Dr. Whitman further explained that infections such as that experienced by Employee can occur spontaneously and occur more often in patients with arthritis in the joint. It was his opinion that "the most likely cause of this patient's presentation to medical care was an infection within his knee that arose spontaneously or without a mechanical cause." He

opined that there was a less than five percent chance that the work incident was the cause of the infection.

Dr. Whitman's testimony was corroborated by Dr. Juli Horton, an infectious disease specialist at Vanderbilt University. Dr. Horton, when asked about whether the twisting injury reported by Employee was the cause of his septic arthritis, stated that it was "an uncommon or even unrecognized mechanism of injury, to have a soft – to have a nontraumatic injury cause a septic arthritis. This is – this is not anything I've ever seen in my practice, and seems inconsistent with the pathogenesis of disseminated or severe staphylococcal infections." She testified that such infections are most commonly associated with medical procedures, although they can happen in the context of penetrating trauma or can occur spontaneously.

When asked about Dr. DeTroye's theory that the twisting injury awakened a dormant staph infection, Dr. Horton responded that she had "a hard time wrapping [her] head around a dormant staph infection." She stated that "[staph is] not something that's just sitting in the joint waiting to have . . . something release it and cause problems. So that doesn't make any sense as far as the pathogenesis of [staph] infections." When asked what the chances were that the infection resulted from the incident at work, she replied that, on a scale from one to a hundred, the likelihood was "less than ten."

Another orthopedic surgeon, Dr. Glenn Smith, believed that, based upon his review of the medical records, Employee's "complaints are not causally related to the accident of lifting a tire." According to Dr. Smith, Employee's "lifting a tire with a twisting injury of the knee does not explain a significant septic arthritis. [Employee] would have to have other medical issues present supporting a septic arthritis. This would not have occurred from the simple injury reported."

We do not need to decide the issue of whether Dr. DeTroye was an authorized physician, as the medical proof presented by Employer rebuts the opinion offered by Dr. DeTroye, even if that opinion is afforded a presumption of correctness. Dr. DeTroye was the only physician who offered the theory that a dormant infection was activated by Employee's twisting movement. Dr. Whitman and Dr. Horton specifically disputed that theory, indicating that it is not a recognized cause of septic arthritis. Dr. Smith's opinion was consistent with the views expressed by those physicians, one of whom was an infectious disease specialist. The trial court did not abuse its discretion in accepting the opinions of these physicians over that of Dr. DeTroye.

Employee argues that affirming the trial court would mean that employers can hire multiple experts and engage in a battle of the experts, regardless of the presumption of correctness afforded to an authorized treating physician. What Employee's argument fails to recognize is that, even if Dr. DeTroye is an authorized physician, Employer's experts provided specific and clear testimony that Dr. DeTroye's theory of how the

4

infection occurred is not one generally recognized in the medical community. Also, contrary to Employee's argument that Employer's experts did not provide an alternative theory of how the infection occurred, Dr. Whitman and Dr. Horton both believed that Employee's septic arthritis was a spontaneous infection. Rather than indicating they did not know what the cause was, they testified that such infections can occur without a specific triggering event. In short, these physicians, in addition to Dr. Smith, did not believe Dr. DeTroye's theory was medically plausible.

Given this record, we find no abuse of discretion in the trial court's decision to accredit the opinions of Employer's experts over that of Employee's expert, Dr. DeTroye. Accordingly, we affirm the trial court's conclusion that Employee did not prove by a preponderance of the evidence that his bilateral septic arthritis arose primarily from the alleged work incident. The trial court's decision is certified as final.



**FILED**

**August 28, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 7:55 A.M.**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Gary Burleson | ) | Docket No. 2016-02-0033 |
| | ) | |
| v. | ) | State File No. 10728-2015 |
| | ) | |
| Doyle's Tire Service, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 28th day of August, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Robert Bates, II | | | | | X | rbates@tonyseaton.com<br>jewel@tonyseaton.com |
| D. Brett Burrow | | | | | X | bburrow@burrowlee.com<br>swilson@burrowlee.com |
| Brian K. Addington, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Jeanette Baird*

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov